E-FILED
Monday, 29 June, 2026 02:08:25 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| RONALD WEEDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | **Case No. 26-1072** |
| | ) | |
| MILLER *et al.*, | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 5) filed under 42 U.S.C. § 1983 by Plaintiff Ronald Weeden, an inmate at Menard Correctional Center. Plaintiff has also filed Motions for Counsel (Docs. 4, 8) and a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 6).

**I.    Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff's amended pleading alleges constitutional violations at Pontiac Correctional Center ("Pontiac") against the following officials: former Pontiac Warden Mindi Nurse, Corrections Lieutenant Miller, Counselor R. Rivett, Grievance Officer J. Graham, Engineer Collins, and Corrections Officers Grit, Smith, John Doe, and Jane Doe.

On January 21, 2024[1], Defendants Miller and Smith escorted Plaintiff to cell 318, which was covered in feces and urine with an inoperable sink and defective toilet. When Plaintiff attempted to inform Miller of these deficiencies, Miller and Smith walked away without responding. (Doc. 5 at 5.)

On March 18, 2024, Defendant Miller told Defendant John Doe to escort Plaintiff from crisis watch back to cell 318. Plaintiff states that he was placed on crisis watch due to the deplorable conditions he endured. When Plaintiff complained again, Miller told Plaintiff that maintenance had just left cell 318, but Plaintiff noted the conditions in cell 318 remained unchanged. Plaintiff states Miller and Doe laughed as they walked away. Plaintiff further claims that Defendants Nurse and Collins were aware of the conditions but took no action. Plaintiff names Defendants Graham and Rivett for their participation in the grievance process. (*Id*. at 5-6.)

---

[1] Plaintiff listed the date in his amended pleading as January 21, 2026, which is incompatible with the rest of his factual account. Thus, the Court infers Plaintiff meant January 21, 2024.

**C. Analysis**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5) is granted.

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). "As with a claim for deliberate indifference to serious medical needs, a conditions-of-confinement claim includes an objective and a subjective component." *Id.* "The plaintiff must first establish 'an objective showing that the conditions are sufficiently serious—i.e., that they deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health and safety.'" *Id.* at 1051 (quoting *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017)). "The plaintiff must next establish 'a subjective showing of a defendant's culpable state of mind.'" *Id.* "[T]he state of mind necessary to establish liability is deliberate indifference to the inmate's health or safety." *Giles*, 914 F.3d at 1051.

Plaintiff's account is sufficient to state an Eighth Amendment conditions of confinement claim against Defendants Collins, John Doe, Miller, Nurse, and Smith. However, Plaintiff does not state a claim against the remaining defendants.

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo*

*v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Despite identifying Defendants Grit and Jane Doe, Plaintiff does not mention the acts or omissions to establish a constitutional violation. Instead, Plaintiff claims in conclusory fashion that Grit and Jane Doe violated his Fourteenth Amendment due process rights. (Doc. 5 at 5.) Plaintiff does not provide any facts that demonstrate such a deprivation.

Additionally, Plaintiff does not state a claim against Defendants Graham and Rivett for their participation in the grievance process. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation.") (citations omitted).

## II.    Plaintiff's Remaining Motions

Plaintiff's Motions for Counsel (Docs. 4, 8) are denied as Plaintiff filings are unsigned. *See* Fed. R. Civ. P 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

Plaintiff's IFP Petition (Doc. 6) is moot as the Court has granted (Doc. 11) Plaintiff's previously filed IFP Petition (Doc. 3).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's amended pleading and terminate Jane Doe, J. Graham, Grit, and R. Rivett.**

2) **Plaintiff's Motions for Counsel (Docs. 4, 8) are DENIED.**

3) **Plaintiff's IFP Petition (Doc. 6) is MOOT.**

4) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment conditions of confinement claim against Defendants Collins, John Doe, Miller, Nurse, and Smith. Plaintiff's claim against Defendants proceeds in their respective individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED June 29, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE